IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEANNE STEFFEN, | § | |
| | § | |
|     Plaintiff-Counterdefendant, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-2103-D |
| | § | |
| JARMON SERVICES, INC., | § | |
| | § | |
|     Defendant-Counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

    Plaintiff-counterdefendant Jeanne Steffen's ("Steffen's") December 5, 2016 motion for leave to amend her counterclaim is granted.* She must file the amended counterclaim within 14 days of the date this memorandum opinion and order is filed.

    Defendant-counterplaintiff Jarmon Services, Inc. ("Jarmon") opposes Steffen's motion on the ground that granting leave burdens Jarmon by requiring that it answer a meritless claim that is not factually supportable. In sum, Jarmon maintains that Steffen's complaint already includes a claim for FMLA retaliation/discrimination; that, even if Steffen amends to support a claim for FMLA retaliation, the allegations would not survive a Fed. R. Civ. P. 12(b)(6) motion; and that Jarmon will ultimately seek dismissal of Steffen's FMLA claims based on limitations.

    Steffen filed her motion well before the April 3, 2017 deadline for filing motions for leave to amend the pleadings. When, as here, "a party files a motion for leave to amend by the

---

    *Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court also applies the lenient standard of Rule 15(a)(2) to determine whether leave to amend should be granted. Under that standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2). Finally, as for Jarmon's contention that Steffen's proposed claim lacks merit, this court has often explained that

> the court's almost unvarying practice . . . is to address the merits of [a] claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Hoffman v. L & M Arts*, 2012 WL 4321739, at *5 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) (quoting *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.)) (internal citation and quotations omitted).

Accordingly, Steffen's December 5, 2016 motion for leave to amend her counterclaim is granted.

**SO ORDERED**.

January 3, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE